PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* CARLOS OSORIO, Defendant and Appellant.

No. 3434.   Argued March 16, 1928.—Decided March 21, 1928.

*José S. Alegría, José de J. Tizol* and *R. Rivera Zayas* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Carlos Osorio was indicted by the grand jury for the crime of voluntary manslaughter, as follows:

"The said Carlos Osorio, on the 10th of April A. D. 1924, and in the southern part of San Juan, P. R., unlawfully and wilfully and in a sudden quarrel or heat of passion, assaulted and attacked with a revolver, a deadly weapon, Miguel Ángel Rivera, a human being, firing several shots at him and inflicting upon him several wounds from which he died within a few hours."

He pleaded not guilty and the case was tried to a petit jury. The evidence was examined, the case was argued, the court gave the necessary instructions and the jury brought in a verdict of guilty. Later the court sentenced the accused to four years in the penitentiary at hard labor. The accused appealed and assigns in his brief the commission of five errors.

He contends in the first assignment that the indictment is fatally defective because it does not allege the intent of the accused to commit the crime of manslaughter.

Section 203 of the Penal Code reads as follows:

"Sec. 203. Manslaughter is the unlawful killing of a human being without malice. It is of two kinds:

"1. Voluntary—upon a sudden quarrel or heat of passion.

"2. Involuntary—in the commission of an unlawful act, not amounting to felony; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection."

And a part of the jurisprudence summarized by Ruling Case Law is as follows:

"If a homicide is neither murder in the first nor second degree, and yet is not excusable in law as having been done in the slayer's self-defense, it follows, ordinarily, that it must be manslaughter. Manslaughter is a killing without malice; it is a distinct offense, not a degree of murder. The distinction between murder in the

first degree and murder in the second degree resides in the character of malice with which the homicidal act was committed—whether express or implied, aforethought or not aforethought; and the distinction between murder in the second degree and manslaughter is the element of malice which is a constituent of the former but entirely wanting in the latter. . . Mr. Chief Justice Shaw said in a leading case: 'Manslaughter is the unlawful killing of another, without malice, and may be either voluntary, as when the homicidal act is committed with a real design and purpose to kill, but through the violence of sudden passion, occasioned by some great provocation, which in tenderness for the frailty of human nature, the law considers sufficient to palliate the offense; or involuntary, when the death of another is caused by some unlawful act, not accompanied with any intention to take life.' '' 13 R.C.L. 783.

A comparison of the law and the jurisprudence applicable with the facts set forth in the indictment, taking into account the provision of section 12 of the Penal Code that "The intent or intention is manifested by the circumstances connected with the offense," will lead to the conclusion that the indictment is sufficient.

It is said in the indictment that in a sudden quarrel or heat of passion Osorio unlawfully and wilfully assaulted Rivera with a revolver, inflicting upon him several wounds from which he died.

In defining the meaning of the words used in the Penal Code its section 559, referring to the word "wilfully," says that "when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to." And so from the act committed wilfully by the accused in this case arises the intent referred to by Mr. Chief Justice Shaw, which does not become malicious, according to the indictment, because it was manifested by virtue of the violence and the mental perturbation produced by the sudden quarrel, or the heat of passion.

The second assignment made by the appellant is that the

court erred in permitting the introduction of evidence to show murder while the indictment charged manslaughter.

The following appears in the record:

"Attorney: I am going to raise a question of law before going further and I am going to request that the jury leave the court-room. Judge: The jury will retire under the custody of the mar-shal and are given the usual warning, the warning given by the court on granting the recess is repeated here word for word, is reproduced now as if given anew. Attorney: The question which I respectfully wish to raise is as follows: Under our procedure the presentation by the district attorney of his case to the jury means the summing up or the statement more or less condensed, it may be at length, of the facts or of the evidence on which he is going to base his charge. We contend that the district attorney can not sustain in a trial of this kind, in any trial, a charge on evidence which is not relevant to the indictment. If what the district attorney has stated is what he is going to prove, then the defendant is left absolutely without defense, because we are not prepared to defend against the crime which the district attorney is attempting to prove, but against the following charge: (The attorney then read the indictment.) That is, we are not prepared to defend against evidence showing that the accused bought a revolver in such a place; that he waylaid another at this or that place, and, without words, without an argument or without a sudden quarrel or the heat of passion, fired his revolver at another. If a charge like that is made now, then we need time to prepare a defense.—District attorney. Your Honor: The prosecution always believed that this was not a case of voluntary manslaughter, but of murder. The prosecution never thought that a grand jury, misusing its powers, would reduce the crime of murder to that of voluntary manslaughter and present an indictment in that form. If the grand jury did that, so much the better for the defendant. The jurisprudence is clear and unanimous in holding that the crime of murder includes that of voluntary manslaughter. If the district attorney should prove these facts, he would prove something more than he was obliged to prove, but. however, it is pertinent evidence. If what the defendant understands is that no evidence of premeditation can be introduced, as for instance, the matter of the revolver, that he bought it in Manatí, and that the case be expressly confined to voluntary manslaughter, I would agree to the elimination of evidence as to premeditation provided it is

agreed, Your Honor, that henceforth we shall confine the case to voluntary manslaughter and that we shall not introduce any evidence of premeditation either in the affirmative by the prosecution or in the negative by the defense. If my colleague is willing to submit the issue in that form, I am willing. Judge: The court at this moment wants it to be understood that in this case, no matter how it is presented to the jury, the court will instruct the jury that they can not find a verdict higher than voluntary manslaughter, although it be shown that there was murder in the first degree. The other is a question of evidence and according as the evidence is being submitted and questions come up the court will settle them in conformity with the law."

In support of his contention the appellant quotes paragraph 167 of volume 8 of California Jurisprudence which reads as follows:

"Universally recognized is the rule that a defendant in a criminal cause can be tried for no other offense than that charged in the indictment or information. It is not competent for the prosecution to prove the commission of independent crimes by the defendant, the evidence of which has no tendency to prove some material fact in connection with the particular crime charged. Such evidence is inadmissible either to show a disposition on the part of the defendant to commit such offenses as he is charged with, or as corroborative of the testimony directed to the proof of the specific offense for which he is on trial. Mere proximity of time and place does not render this evidence admissible. Upon the same principle it is not competent for the prosecutor to introduce irrevelant evidence falling short of crime and designed merely to degrade and prejudice the defendant in the minds of the jury, or to give evidence of the prisoner's tendency to commit the offense with which he is charged. It is not competent for him to prove that a defendant has gone under assumed names, or that he has been accused of the commission of other crimes, or had been arrested and incarcerated, except when such evidence is relevant to the issue being tried. Nor can be prove that the defendant was preparing to commit other crimes after the commission of the offense charged, or that he had in his possession poisons having no relation to the offense charged, or that he was guilty of immoral conduct. However depraved or vicious a defendant may be, he is entitled to be tried only for the crime charged against him." 8 Cal. Jur. 58, 59.

In our opinion, the jurisprudence quoted is not applicable to this case. It refers to distinct criminal acts. Here a single act is involved, the unlawful killing of one person by another may be classified according to the concurring circumstances either as murder or as manslaughter.

It will be seen from a careful examination of the decision of the court that although it is somewhat vague, it ends by putting off until later the final decision of the question raised. In his brief the appellant calls attention only to page 67 of the transcript, and in effect there is on that page the beginning of the testimony of José Rivero who testified that Osorio bought the revolver from him. However, no objection appears. On the contrary, it appears that after the examination of the witness the district attorney produced the revolver as evidence and it was admitted without objection, as is expressly stated.

Under these circumstances we think that no prejudicial error was committed.

We believe the true rule to be in a case of manslaughter that there should be produced only evidence tending to show manslaughter and not murder; but it might happen that while the real facts constituted murder, an indictment for manslaughter was found. Then the witnesses, when testifying, would have to describe murder unless prevented from telling the truth. Their testimony would be admissible. The only consequence would be that the verdict or the judgment could be for manslaughter and not for murder.

The third and fourth assignments refer to the instructions. The appellant contends that the jury were not properly instructed on self-defense and that the law was not complied with in summing up the evidence.

The instructions on self-defense were as follows:

"In the present case the theory of the defense has been lawful self-defense; that is, that the defendant, through his counsel before the jury, alleges that if the defendant killed Miguel Ángel Rivera

with a revolver he did so in lawful defense, that is, in the exercise of the right of self-defense. The court is going to give to the jury the law on self-defense; it is thus:

"A person against whom an injury is intended may oppose the necessary resistence to prevent an offense against his person or his family or any member thereof. The right of self-defense never would cover the infliction of greater injury than was necessary for its purpose. To make manslaughter justifiable where self-defense is pleaded it is necessary not only to believe but to have sufficient grounds for the belief that, when killing the aggressor, the defendant was in imminent and immediate danger of death or grave bodily injury. The circumstances must be of such a nature as to carry conviction to the mind of a reasonable person that the defendant was in danger of death or grave personal injury. Justifiable fear does not mean the fear of a coward, but that of a person of moderate courage; not the man who is afraid of his own shadow, but the man who reasonably faces a clear design or assault and has sufficient grounds to believe that his life is in danger or that he is in danger of grave bodily injury."

Examining these instructions in the light of sections 209 and 210 of the Penal Code, we find them sufficient.

It is true that the court did not comply fully with the provisions of subdivision 8 of section 233 of the Code of Crim. Procedure, as amended in 1911, in failing to make a complete summary of the evidence and in saying only that the evidence was fresh in the minds of the jurors and tended to show this or that; but in our opinion, in the absence of any exception or indication to the court that it should summarize the evidence, or of a showing that the evidence was long and confused, or that the trial would have covered several sessions, the error is not prejudicial.

The last error assigned refers to the overruling of a motion for a new trial. That motion was based on the grounds of the first two assignments of error, which, as we have seen, are without merit.

The judgment appealed from must be affirmed.